[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THIRD COUNT OF COMPLAINT
In this wrongful discharge action, the Third Count of the plaintiff's Amended Complaint alleges a CUTPA violation, Conn. Gen. Stat. 42-110a through 42-110q, in that the actions by the defendants were immoral, oppressive and unscrupulous and caused substantial injury to the plaintiff. The defendant moves to strike this third count because it fails to state a cause of action. CT Page 6021
CUTPA prohibits "unfair methods of competition and unfair or deceptive acts in the conduct of any trade or commerce." Conn. Gen. Stat. 42-110b(a). CUTPA defines "trade or commerce" as "the advertising, the sale or rent or lease, or the distribution of any services and any property . . . and any other article, commodity, or things of value in this state." Conn. Gen. Stat. 42-110a(4).
There is ample case law in Connecticut that employment relationships do not fall within CUTPA's statutory definition of "trade or commerce." Collins v. Gulf Oil Corp., 605 F. Sup. 1519,1523 (D.Conn. 1984); Keneally v. Prime Computer, Inc.,3 CSCR 439, 440 (June 13, 1988 Hale, J.); Sherman v. Neurological Surgeons, 3 CSCR 395, 396 (May 23, 1988, McGrath, J.); Krupa v. United Technologies Corp., 2 CSCR 740 (July 1, 1987, Maloney J.).
Defendant's motion to strike is granted.
WAGNER, J.